O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
|  | Case No. 8:15-CV-00759 (VEB) |
| KEITH BLUE, |  |
| Plaintiff, | DECISION AND ORDER |
| vs. |  |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, |  |
| Defendant. |  |

## I. INTRODUCTION

In March of 2011, Plaintiff Keith Blue applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by the Law Offices of Martin Taller, APC, Troy Dana Monge, Esq., of counsel, commenced this action seeking judicial review

1

of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9, 12). On September 7, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 19).

## II. BACKGROUND

Plaintiff applied for benefits on March 30, 2011, alleging disability beginning January 30, 2011, due to various physical and mental impairments. (T at 150-53).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On November 15, 2012, a hearing was held before ALJ Sharilyn Hopson. (T at 76). Plaintiff appeared with an attorney and testified. (T at 80-89). The ALJ also received testimony from Susan Allison, a vocational expert (T at 89-94).

On January 7, 2013, the ALJ issued a written decision denying the application for benefits. (T at 27-43). The ALJ's decision became the Commissioner's final decision on July 14, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 9-14).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 17.

On May 14, 2015, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on December 14, 2015. (Docket No. 16). The parties filed a Joint Stipulation on February 2, 2016. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be reversed and this case remanded for further proceedings.

### III. DISCUSSION

A.    **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.   Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

1  supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

### C. Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 30, 2011 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2014. (T at 32). The ALJ found that Plaintiff's multi-level degenerative disc disease with spinal stenosis, sleep apnea, depression, and borderline obesity were "severe" impairments under the Act. (Tr. 32).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 33).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), as follows: he

can lift/carry 20 pounds occasionally and 10 pounds frequently; he can stand/walk for 4 hours in an 8-hour workday; he can sit for 6 hours in an 8-hour workday, provided he can stand and stretch every hour for 1-3 minutes without leaving work; he can occasionally climb stairs (but never climb ladders, ropes or scaffolds); he can occasionally balance, stoop, kneel, crouch and crawl; he must avoid concentrated exposure to extremes of temperature and fumes/odors/dust and gases; he cannot work at unprotected heights or around moving, dangerous machinery; and he can perform moderately complex tasks an at SVP of 4 or less. (T at 34).

The ALJ found that Plaintiff could not perform his past relevant work as a carpet cleaner. (T at 37). Considering Plaintiff's age (48 on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 38).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from January 30, 2011 (the alleged onset date) through January 7, 2013 (the date of the ALJ's decision). (T at 39). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 9-14).

# IV. ANALYSIS

This Court finds that the ALJ's decision is flawed and must be revisited on remand for the following reasons.

**A.   Dr. Lehman**

The ALJ gave "some weight" to a May 5, 2010 note from Dr. Kent Lehman, a treating physician, in which Dr. Lehman opined that Plaintiff had severe low back pain that limited his ability to standing for more than 30 minutes, sitting for more than 60 minutes, and lifting more than 40 pounds. (T at 240). The ALJ found this assessment "consistent" with the RFC finding that Plaintiff could lift/carry 20 pounds occasionally, stand/walk for 4 hours during an 8-hour workday, and sit for 6 hours in an 8-hour workday. (T at 34, 37). This finding is problematic for the following reasons.

First, Dr. Lehman's opinion was rendered in May 2010 and the alleged onset date is January 30, 2011. In May of 2012, Dr. Crowhurt, a State Agency review physician, described a "significant progression" of lumbar disc disease and "worsening of symptoms . . . ." (T at 308). The ALJ did not explain why he credited Dr. Lehman's year-old opinion and one he rendered after the alleged onset date and/or what effect Plaintiff's noted worsening conditions and symptoms would have on that opinion. If the ALJ had considered this question and reached a resolution

rooted in the evidence, this Court would have been bound to defer to that resolution, but no such finding was made.

Second, it is not clear from the report (which was provided on a single sheet from the physician's prescription pad) whether Dr. Lehman was opining as to Plaintiff's limitations on a daily basis or a more limited period of time. For example, Dr. Lehman said Plaintiff could sit for 60 minutes. (T at 240). That could mean that Plaintiff could sit for 60 minutes *at a time* or 60 minutes *total in an 8-hour workday*. If it is the former, that would arguably be consistent with the RFC determination to the effect that Plaintiff can sit for 6 hours in an 8-hour workday, provided he can stand and stretch every hour (T at 34); if it is the latter, the treating physician opinion contradicts the RFC finding. The ALJ does not appear to have accounted for this ambiguity in Dr. Lehman's opinion.

In other words, the ALJ found that Dr. Lehman's assessment was "consistent" with the RFC determination. However, this is only the correct conclusion if Dr. Lehman was assessing Plaintiff's ability to stand for a continuous period of time (e.g. 30 minutes at a time) as opposed to over the course of any entire day (e.g. 30 minutes in an 8-hour work day). The ALJ erred by drawing this inference without obtaining clarification.

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . .").

This duty includes an obligation to re-contact a treating physician when the basis for his or her opinion is unclear. *See* SSR 96-5p ("[I]f the evidence does not support a treating source's opinion . . . and the [ALJ] cannot ascertain the basis of the opinion from the case record, the [ALJ] must make every reasonable effort to re-contact the source for clarification of the reasons for the opinion."); *see Estrada v. Astrue*, No EDCV 07-01226, 2009 U.S. Dist. LEXIS 15824, at *11 (C.D. Cal. Feb. 25, 2009).

Here, before concluding that Dr. Lehman's opinion was "consistent" with the RFC, the ALJ was obliged to re-contact Dr. Lehman to obtain clarification on these important issues (i.e. whether the limitations had changed given Plaintiff's progressive condition and whether the limitations were meant to cover an entire workday or some lesser period).  A remand is therefore required.

B.  **Dr. Karamlou**

In June of 2011, Dr. Azizollah Karamlou performed a consultative examination. Dr. Karamlou opined that Plaintiff was limited to standing and/or walking for 6 hours in an 8-hour workday with normal breaks and sitting for 6 hours in an 8-hour work day. (T at 268). He also concluded that Plaintiff could lift 50 pounds occasionally and 25 pounds frequently. (T at 268). The ALJ gave "some weight" to this opinion, finding the sitting limitation consistent with the evidence, but concluding that Plaintiff was more limited with regard to standing/walking (4 hours in an 8-hour workday) and with respect to lifting (20 pounds). (T at 36).

However, Dr. Karamlou also opined that Plaintiff would need to "change positions frequently." (T at 268). The ALJ said she was giving "some weight" to Dr. Karamlou's opinion with regard to "the need to change positions," but did not reconcile Dr. Karamlou's assessment with the RFC determination that Plaintiff only needed to be able to stand/stretch every hour for 1-3 minutes without leaving work. (T at 34). This was error. On remand, the ALJ will need to address this aspect of the consultative examiner's opinion and either accept the limitation or, if not, explain why by reference to the other evidence of record.

12

DECISION AND ORDER – BLUE v COLVIN 8:15-CV-00759-VEB

**C.    Use of Cane**

The ALJ made the following finding: "[Plaintiff] reports needing a cane for support and balance[,] but there is no apparent prescription or recommendation from a physician." (T at 35). The ALJ used this finding to discount Plaintiff's credibility. (T at 35).

However, there is reason to believe this finding arises from an error on the part of Plaintiff's former attorney. In a post-hearing brief, Plaintiff's former counsel claimed that Plaintiff "has difficulty gripping, grasping, and holding objects with his left hand, including the cane he uses for balance and support while walking." (T at 224). The brief cites the document contained at Exhibit 7 of the record for this proposition, but that document (a third party function report completed by plaintiff's mother) does not reference or allege the need to use a cane. (T at 190-95).

Plaintiff faults the ALJ for relying on the cane allegation to discount his credibility, because there is – in fact – no evidence that Plaintiff actually alleged the use of a cane. Indeed, Plaintiff completed a function report in April of 2011, wherein he denied the need to use a cane. (T at 173).

However, this Court cannot fault the ALJ for her finding regarding the cane use allegation. Plaintiff, through his former attorney, did allege the need to use a cane. The error in that regard appears attributable to counsel, rather than the ALJ.

With that said, as this case is being remanded on other grounds, the ALJ should take the opportunity to clarify the cane question, so as to avoid the possibility of Plaintiff's credibility being discounted based on an error.

**D.     Mrs. Blue**

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999). A family lay witness has valuable insights to offer because of their frequency of contact with the claimant. *See Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition.").

In this case, Louise Blue, Plaintiff's mother, completed two function reports, in April of 2011 (T at 175-82) and October of 2011 (T at 190-95). Mrs. Blue explained that she saw Plaintiff approximately once a week and talked to him on the phone almost every other day. (T at 175). She reported that "most of the time," Plaintiff was "in a lot of pain." (T at 175). Mrs. Blue explained that Plaintiff cannot be on his feet for long periods of time and performs limited household chores because of pain. (T at 177). She described Plaintiff as moody and depressed, becoming more introverted as his pain increased. (T at 179-80). Mrs. Blue opined

that Plaintiff can lift about 20 pounds, cannot walk "far at all," and struggles with following instructions. (T at 180). According to Mrs. Blue, Plaintiff has "a hard time moving around" and does "as little as possible." (T at 190-91). Plaintiff needs to be reminded to shower. (T at 192). He has very limited social activities. (T at 194). His "tremendous" pain persists despite several prescription medications. (T at 195).

The ALJ referenced Mrs. Blue's first statement, but made no reference to the latter statement. (T at 35). The ALJ noted that Mrs. Blue's first statement "essentially reiterate[d]" Plaintiff's subjective complaints (T at 35), but the ALJ did not state what weight, if any, she afforded to Mrs. Blue's statement or provide any particular reason for discounting the statement.

This Court is mindful of the Ninth Circuit precedent that an ALJ's failure to address lay testimony may be harmless where the ALJ validly rejected the subjective complaints of the claimant, which were substantially the same as the lay testimony. *See Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009); *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). However, in this case, the ALJ's credibility determination is undermined by the errors outlined above. Thus, on remand, the ALJ should be careful to consider both of Mrs. Blue's statements and, to the extent those statements are not acceptable, should provide germane reasons for discounting them.

E.     Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. The ALJ's consideration of the opinions of Dr. Lehman and Dr. Karamlou had important gaps, which need to be addressed on remand. However, it is not clear that Plaintiff is disabled. The treatment history was rather conservative and the consultative examiner's opinion was generally supportive of the RFC determination. For this reason, a remand for further proceedings, as opposed to a remand for calculation of benefits, is the appropriate remedy.

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this case for further proceedings consistent with this Decision and Order; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees.

DATED this 31st day of October, 2016

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

17

DECISION AND ORDER – BLUE v COLVIN 8:15-CV-00759-VEB